24UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FRANK JOHN RICHARD,**<br><br>Plaintiff,<br><br>v.<br><br>**AUDREY KARNES,**<br><br>Defendant. | 2:24-CV-12046-TGB-PTM<br><br>**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT** |

Frank John Richard ("Plaintiff"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has reviewed the complaint. It will be **SUMMARILY DISMISSED** for failing to state a legally cognizable claim.

## I.  BACKGROUND

Defendant Audrey Karnes works as an accounting technician for the Michigan Department of Corrections. Plaintiff claims that on June 22, 2022, he received a check for $ 1,866.00 from the federal government as a stimulus payment under the Coronavirus Aid, Relief, and Economic Security Act ("CARES") and the Consolidated Appropriations Act ("CAA") of 2020. Plaintiff alleges that Defendant Karnes took the proceeds from this check to pay off some of Plaintiff's court-appointed fines and costs but that this was done without his permission.

1

On June 27, 2023, Plaintiff alleges that Defendant returned to the United States Department of Treasury a replacement check that had been sent for the check sent on June 22, 2022. Plaintiff again claims that this was done without his permission. A third replacement check in this amount sent on August 22, 2023, to Plaintiff, was also returned by Defendant to the Department of Treasury.

On June 27, 2024, a check for $ 2,191.84 was deposited in Plaintiff's prison account. The Treasury Department sent this check to reimburse Plaintiff for the prior checks that had been sent to him. Plaintiff claims that Defendant deducted $ 1,091.01 from the account to pay for an error correction, and $ 510.81 was deducted by Defendant to pay for court costs and fees. Plaintiff again alleges this was done without his permission.

Plaintiff alleges that he filed four grievances at the Saginaw Correctional Facility and one grievance at the Carson City Correctional Facility over these issues, alleging violations of MDOC Policy and Operating procedures and failure to follow federal statutes and regulations. He states that all five grievances were fully exhausted.

Plaintiff alleges that Defendant wrongfully misappropriated his money without obtaining Plaintiff's permission and without providing a notice of intent or a hearing on the issue. Plaintiff seeks monetary damages.

2

## II. STANDARD OF REVIEW

Plaintiff has paid the entire filing fee of $ 350.00, plus the $ 55.00 administrative fee, rendering inapplicable the Court's authority to screen his complaint for frivolity or maliciousness pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction. Because the Court finds that Plaintiff's claims are devoid of merit or no longer open to discussion, the Court will sua sponte dismiss the complaint for lack of subject matter jurisdiction.

A federal district court's authority to screen and dismiss complaints sua sponte under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints filed in forma pauperis. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). Plaintiff did not file his complaint as an indigent but paid the filing fee and did not seek in forma pauperis status. Generally, a district court may not dismiss a complaint sua sponte where the filing fee has been paid unless the court allows the plaintiff to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

However, when the claim is brought against a governmental entity, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner sought in forma pauperis status. *Benson*, 179 F.3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or

3

employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (*citing Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an

arguable basis when filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A pro se litigant's complaint should be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which a plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich.), *aff'd,* 22 F. App'x 496 (6th Cir. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show: (1) the defendant acted under color of state law and

5

(2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## III. DISCUSSION

If a state employee intentionally deprives and inmate of his property without authorization, though wrong, such conduct does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as the inmate has a meaningful remedy to address the loss under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). In order to make out a § 1983 claim for violation of procedural due process, a plaintiff has to show that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). If a plaintiff is unable to demonstrate the inadequacy of the available state remedies, the case should be dismissed. *See Bass*, 167 F.3d at 1049–50.

Here, Plaintiff does not allege the remedies to obtain compensation for his loss available in Michigan are inadequate, nor does he even indicate that he has attempted to get relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999). Because Plaintiff does not allege the

6

inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including MCR 3.105, which allows for an action for claim and delivery of the property; MCL § 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained; and MCL § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

Michigan provides Plaintiff with adequate post-deprivation remedies for the loss of his money. Consequently, Plaintiff does not allege a violation of constitutional due process merely by alleging that a state actor deprived him of his property without authorization. *See Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). Plaintiff has state remedies available to address this deprivation of property; there is no violation of constitutional due process as long as such remedies exist.

## IV. CONCLUSION

In light of the foregoing, the complaint is **DISMISSED WITH PREJUDICE** because Plaintiff fails to state a claim upon which relief can be granted.

Because the complaint lacks any arguable basis in the law, **IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson*, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

**SO ORDERED.**

Dated: December 27, 2024

　　/s Terrence G. Berg　　
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE